38 So.2d 500

**WEBB et al. v. STATE.**

7 Div. 980.

Court of Appeals of Alabama.
Jan. 18, 1949.

No appearance for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

It appears from the record, the above named appellants (defendants below) were jointly tried, and convicted, upon an affidavit and complaint wherein they were charged with the offense of violating the prohibition law. Code 1940, Tit. 29, § 36. The affidavit and complaint was proper in form and substance. They were both convicted as charged, and the court fixed the fine for each of them at $50.00, and from the judgment of conviction each of them took this appeal. The appeals are on the record only. No evidence is contained in the transcript.

There is nothing in the record to show that the defendant paid the fines, or that they confessed judgment therefor. This is essential to complete the judgment of conviction.

The law is: All of the proceedings in connection with the conviction of the defendant were regular and without error. But in sentencing the defendant, who failed

to pay the fine and costs, or to confess judgment therefor, the trial court should have followed the provisions of Sections 338, 339 and 341, Title 15, of the Code of Alabama 1940. Section 341 is as follows: "If the fine and costs are not paid, or a judgment confessed according to the provisions of sections 339 and 340 of this title, the defendant must either be imprisoned in the county jail or, at the discretion of the court, sentenced to hard labor for the county as follows: If the fine does not exceed twenty dollars, ten days; if it exceeds twenty dollars and does not exceed fifty dollars, twenty days".

Section 342, Title 15, Code of Alabama 1940, which section is as follows: "If, on conviction, judgment is rendered against the accused that he perform hard labor for the county, and if the costs are not presently paid or judgment confessed therefor, as provided by law, then the court may impose additional hard labor for the county for such period, not to exceed ten months, as may be sufficient to pay the costs, at the rate of seventy-five cents per day, and the court must determine the time required to work out such costs at that rate; * * *."

From what has been said the judgment of conviction from which this appeal was taken is hereby affirmed. The cause is remanded to the lower court for proper sentence as herein indicated.

Affirmed. Remanded for proper sentence.